George Robert **BOYKINS** et al.,
Plaintiffs-Appellants,

United States of America, Plaintiffs-Intervenors-Appellant,

v.

The **BOARD OF EDUCATION OF the CITY OF FAIRFIELD, ALABAMA,**
Defendants-Appellees.

No. 29785.

United States Court of Appeals,
Fifth Circuit.

June 28, 1971.

Demetrius C. Newton, Birmingham, Ala., Norman C. Amaker, Jack Greenberg, Norman Chachkin, New York City, for appellants.

Theodore J. Garrish, Justice Dept., Washington, D. C., for the United States, intervenor.

Maurice Bishop, Birmingham, Ala., for appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Subsequent to the date of the district court's decree from which this appeal has been taken, the Supreme Court decided Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554. We think that the district court, because of its familiarity with local conditions, should have the first opportunity to determine whether the school desegregation plan the court approved for the Board of Education of the City of Fairfield, Alabama, complies with the principles established in the *Swann* decision.

We remand this cause therefore to the district court for it to determine *forthwith* the acceptability of the school

board's student assignment plan. In making this determination the court should consider the feasibility and advantages of clustering schools or noncontiguous zoning. The district court should also consider whether the school board is in compliance with the *Singleton* requirements for faculty ratios and whether the location of a high school complex in a black neighborhood will tend to promote segregation as alleged by plaintiffs-appellants.

The case is remanded to the district court for further consideration.

Costs shall be divided between the parties.

The Clerk is directed to issue the mandate forthwith.